UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SONIA MENEGHETTI, *on behalf of herself
and all others similarly situated*

      Plaintiff,

v.

BRUCE HORNSTEIN, P.A.,
*a Florida Corporation,* and
BRUCE HORNSTEIN, *individually*

      Defendants.
_____/

## CLASS ACTION COMPLAINT and JURY DEMAND

1. Plaintiff, Sonia Meneghetti, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here, and Defendants conduct business in this District.

## PARTIES

4. Plaintiff, Sonia Meneghetti ("Plaintiff"), is a natural person, and resident of the State of Florida, residing in Miami-Dade County.

5. Defendant, Bruce Hornstein, P.A. ("Defendant Law Firm"), is a Florida Corporation and law firm engaged in the business of collecting consumer debts, which operates from offices located at 6961 Indian Creek Drive, Miami Beach, Florida 33141.

1

6. Defendant, Bruce Hornstein ("Defendant Hornstein") is an attorney and member of the Florida Bar doing business from offices 6961 Indian Creek Drive, Miami Beach, Florida 33141, and is engaged in the business of collecting consumer debts.

7. Defendant Law Firm and Defendant Hornstein herein collectively referred to as ("Defendants").

8. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debt.

9. Defendants regularly collect or attempt to collect consumer debts for other parties. Defendants are "debt collectors" as defined in the *FDCPA*.

10. Federal Courts have held that dunning letters sent by law firms for an alleged arrearage to homeowner's associations may fall under the purview of the *FDCPA*.

11. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

12. All acts or omissions of Defendant Hornstein were within the scope of his employment by Defendant Law Firm or were otherwise authorized by Defendant Law Firm.

13. Defendant Law Firm is vicariously liable for the actions of Defendant Hornstein performed within the scope of his employment at Bruce Hornstein, P.A.

## FACTUAL ALLEGATIONS

14. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred to Plaintiff's homeowner's association.

15. On or about August 14, 2018, Defendants sent a demand letter to Plaintiff seeking to collect an alleged debt due to Plaintiff's homeowner's association. The demand letter was on

Defendant Law Firm's letterhead signed by Defendant Hornstein. (The "Demand Letter" attached hereto as "Exhibit 1."). The Demand Letter was the initial communication between Defendants and Plaintiff regarding the amount of debt alleged to be owed as of August 14, 2018.

16. The Defendants' Demand Letter demanded Plaintiff pay maintenance/assessments due to her homeowner's association. The Demand Letter requested payment be sent to Defendant Law Firm's office.

17. The Defendants' Demand Letter stated in part:

> Please be advised that **if this delinquent amount is not fully satisfied within thirty (30) days from the date of this letter**, a Claim of Lien for all monies due, including any additional assessments and late fees which may be then due, will be filed against your unit without further notice.
>
> xxxx
>
> 2.) All communications must be in writing and directed to Bruce Hornstein, P.A. Do NOT call or write the Association or to the management company. Our fax no. is (305) 713-1158: Attention: Bruce Hornstein
>
> xxxx
>
> Please be advised that this debt will be assumed to be valid unless you dispute the validity of the amount due as set forth above, or any portion thereof, **in writing**, within thirty (30) days of your receipt of this letter. If you notify the undersigned in writing within the thirty (30) day period that the amount due, or any portion thereof, is disputed, we will obtain a verification of the amount from the Association and a copy of said verification will be mailed to you.

(Bold emphasis added.)

18. The alleged debt arises from Plaintiff's ownership of her residence.

19. Pursuant *15 U.S.C §1692g* states:

Validation of debts.

   (a) Notice of debt; contents

3

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow**

4

> **or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(Emphasis added.)

20. *15 U.S.C. § 1692e(10)* states:

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   xxxx

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. Defendants' Demand Letter falsely and misleadingly states that Plaintiff must dispute the debt in writing despite the clear wording of *15 U.S.C. § 1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

22. Defendants' statement "Please be advised that **if this delinquent amount is not fully satisfied within thirty (30) days from the date of this letter**, a Claim of Lien for all monies due, including any additional assessments and late fees which may be then due, will be filed against your unit without further notice []" overshadows Plaintiff's verification rights as provided by *15 U.S.C. §1692g*. (Emphasis added.)

23. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

24. This action is brought on behalf of two Classes consisting of:

 (a) The "A Class" consisting of:

   (i) all natural persons with addresses in the State of Florida (ii) to whom initial written communications letters that contained the phrases, "Please be advised

5

that this debt will be assumed to be valid unless you dispute the validity of the amount due as set forth above, or any portion thereof, in writing, within thirty (30) days of your receipt of this letter." (iii) were mailed or caused to be mailed (iv) by Defendants (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

(b) The "B Class" consisting of:

(i) all natural persons with addresses in the State of Florida (ii) to whom initial written communications letters that contained the phrase, "Please be advised that if this delinquent amount is not fully satisfied within thirty (30) days from the date of this letter, a Claim of Lien for all monies due, including any additional assessments and late fees which may be then due, will be filed against your unit without further notice." (iii) were mailed or caused to be mailed (iv) by Defendants (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

25. Plaintiff alleges on information and belief based upon the Defendants' use of the phrases, "Please be advised that this debt will be assumed to be valid unless you dispute the validity of the amount due as set forth above, or any portion thereof, in writing, within thirty (30) days of your receipt of this letter."  and "Please be advised that if this delinquent amount is not fully satisfied within thirty (30) days from the date of this letter, a Claim of Lien for all monies

due, including any additional assessments and late fees which may be then due, will be filed against your unit without further notice." in its letters that required disputes of the debt to be in writing and requested payment of the debt prior to the expiration of the 30 day dispute period, served upon the A Class and the B Class is so numerous that joinder of all members of the A Class and the B Class is impractical.

26.     There are questions of law or fact common to the A Class, which common issues predominate over any issues involving only individual A Class members. The common factual issue common to each A Class member was mailed or caused to be mailed an initial written communication by Defendants that contained the phrase, "Please be advised that this debt will be assumed to be valid unless you dispute the validity of the amount due as set forth above, or any portion thereof, in writing, within thirty (30) days of your receipt of this letter."  that required disputes of the debt to be in writing. The common principal legal issue is whether Defendants' wording violated the *FDCPA* by misleading the least sophisticated consumer to believe that they were being given their validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector, that required disputes of the debt to be in writing

27.     There are questions of law or fact Common to the B Class, which common issues predominate over any issues involving only individual B Class members.  The common factual issue common to each B Class member was mailed or caused to be mailed an initial written communication that contained the phrase, "Please be advised that if this delinquent amount is not fully satisfied within thirty (30) days from the date of this letter, a Claim of Lien for all monies due, including any additional assessments and late fees which may be then due, will be filed against your unit without further notice." that overshadowed Plaintiff's validation rights.  The common principal legal issue is whether Defendants' wording violated the *FDCPA* by misleading

the least sophisticated consumer to believe that they were being given their validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector, that overshadowed the consumers' validation rights.

28. Plaintiff's claim is typical of those of each of the proposed Classes. All are based on the same facts and legal theories.

29. Plaintiff will fairly and adequately protect the interests of each Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

30. Certification of the two Classes under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Plaintiff requests certification of each Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative for each Class; and that her attorneys Leo W. Desmond and Sovathary K. Jacobson be appointed Class Counsel.

**COUNT I CLASS CLAIM : A CLASS MEMBERS
VIOLATION OF *15 U.S.C. § 1692g(a)(3)***

32. Plaintiff incorporates Paragraphs 1 through 23.

33. *15 U.S.C. §1692g(a)(3)* states after an initial communication the Defendants must provide Plaintiff with:

8

> [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

34. Defendants mailed or caused to be mailed the Demand Letter to Plaintiff on behalf of The Regency Towers Condominium Association Inc., in an attempt to collect a consumer debt, namely to collect monies alleged to be owed to due to Plaintiff's homeowner's association.

35. Defendants' Demand Letter incorrectly requires the consumer to dispute the debt in writing, however *15 U.S.C. § 1692g(a)(3)* contains no writing requirement in order for the consumer to dispute the debt.

36. Defendants, through their Demand Letter, deprived Plaintiff and the proposed A Class Members of their Congressionally approved statutory right to be informed of the information required to be provided by Defendants to Plaintiff and the proposed A Class pursuant *15 U.S.C. §1692g(a)(3)*, namely, that the debt, or any portion thereof, could be disputed by means other than a written dispute prior to Defendants being allowed to assume the validity of the debt.

37. Defendants' Demand Letter purposefully misstated the manner in which the Plaintiff and the proposed A Class could dispute the validity debt.

38. By not including the proper information required pursuant to *15 U.S.C. §1692g(a)(3),* Defendants have deprived Plaintiff and the proposed A Class of their right to receive the information required by the *FDCPA* and deprived Plaintiff and the proposed A Class of their legal rights under the *FDCPA* regarding their ability to dispute the validity of the alleged debt owed.

39. As a result of Defendants' conduct, Plaintiff and the A Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

40. As a result of Defendants' conduct, Plaintiff and the A Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## COUNT II CLASS CLAIM : B CLASS MEMBERS
## VIOLATION OF *15 U.S.C. §1692g(b)*

41. Plaintiff re-alleges Paragraphs 1 through 23 and Paragraphs 33 through 38.

42. *15 U.S.C.§1692g(b)* states:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(Emphasis added.)

43. Pursuant to the *FDCPA*, the Demand Letter was an initial communication between Defendants and Plaintiff.

44. Plaintiff did not receive the Demand Letter on or before the date of the Demand Letter.

45. Defendants' statement "Please be advised that **if this delinquent amount is not fully satisfied within thirty (30) days from the date of this letter**, a Claim of Lien for all monies due, including any additional assessments and late fees which may be then due, will be filed

10

against your unit without further notice." overshadows Plaintiff's verification right as provided by *15 U.S.C. §1692g*. (Emphasis added.)

46. Defendants' statement instructing Plaintiff to pay the debt prior to the expiration of the 30 day dispute period creates a sense of urgency that overshadows the notice requirement of *15 U.S.C. §1692g(a)* by encouraging the Plaintiff and members of the B Class to disregard the required debt validation notice prescribed by *15 U.S.C. §1692(g)*.

47. The verification rights provided by *15 U.S.C. §1692g* must be effectively conveyed to the consumer.

48. Defendants' demand for payment of the debt prior to the expiration of the 30 day dispute period overshadows and contradicts Plaintiff's verification rights as provided by *15 U.S.C. §1692g(a)*.

49. As a result of Defendants' conduct, Plaintiff and the B Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

50. As a result of Defendants' conduct, Plaintiff and the B Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

### COUNT III CLASS CLAIM : A CLASS AND B CLASS
### VIOLATION OF *15 U.S.C. §1692e*

51. Plaintiff re-alleges Paragraphs 1 through 23, Paragraphs 32 through 38, and Paragraphs 42 through 48.

52. Pursuant to *15 U.S.C. §1692g(a)(3)* the Defendants must provide the Plaintiff and the members of each proposed Class with:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> xxxx

11

> (3) [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

53. *15 U.S.C. § 1692g(b)* states in part: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

54. *15 U.S.C. §§1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

55. Defendants sent a Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect a debt allegedly due to Plaintiff's homeowner's association.

56. The Demand Letter was an initial communication used in the collection of a debt between Defendants and Plaintiff.

57. Defendants' Demand Letter is misleading and false and therefore in violation of *15 U.S.C. §1692e(10)* as incorrectly requires Plaintiff and the A Class Members to dispute the debt in writing despite the pronouncement of *15 U.S.C. § 1692g(a)(3)*.

58. Defendants' Demand Letter to the Plaintiff and the B Class Members is misleading and false as it demands payment prior to the expiration of the 30 day dispute period provided by *15 U.S.C. § 1692g*.

59. Defendants' Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

60. As a result of Defendants' conduct, Plaintiff and the members of both Classes are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

61. As a result of Defendants' conduct, Plaintiff and the members of both Classes are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## JURY DEMAND

Plaintiff requests trial by jury.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor against Defendants for:

   a. An Order certifying this matter as a Class action, certifying two separate classes as requested herein, and appointment of Plaintiff as Class Representative for both Classes as to all claims against Defendants;

   b. An Order appointing Leo W. Desmond and Sovathary K. Jacobson as Class Counsel;

   c. An award of statutory damages for Plaintiff and the both Classes pursuant to *15 U.S.C. §1692k*;

   d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

   e. Such other or further relief as the Court deems proper.

Dated: November 9, 2018.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar Number 0041920
Sovathary K. Jacobson, Esq.
Florida Bar Number 0102200
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D

        Vero Beach, Florida 32963
        Telephone: 772.231.9600
        Facsimile: 772.231.0300
        lwd@desmondlawfirm.com
        jacobson@desmondlawfirm.com


*/s/ Simona Burshteyn*
Simona Burshteyn, Esq.
Florida Bar Number 105075
FIRST LEGAL, P.A.
1930 Harrison Street, Suite 209
Hollywood, Florida 33020
Telephone: 954.998.1488
Facsimile: 954.703.6577
sburshteyn@firstlegalpa.com

*Attorneys for Plaintiff*

14